IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois Corporation, | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | NO. 3:18-CV-0472-C |
| VANTAGE BENEFITS ADMINISTRATORS, INC., a California corporation, JEFFREY A. RICHIE, an Individual, and WENDY K. RICHIE, an Individual, | § § § § § § § § | |
| Defendants. | § § § | |

PLAINTIFF EVANSTON INSURANCE COMPANY'S  RESPONSE TO
TRUSTEE'S OBJECTIONS TO PLAINTIFF'S
REQUEST FOR JUDICIAL NOTICE

Michael F. Perlis
(*Pro Hac Vice*)
Cary Joy Economou
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800
mperlis@lockelord.com
ceconomou@lockelord.com

Plaintiff Evanston Insurance Company ("Evanston") respectfully responds to Chapter 7 Trustee for the Bankruptcy Estate of Vantage Benefits Administrators, Inc. ("Vantage"), Jeffrey H. Mims' (the "Trustee") Objections (ECF 40) to Evanston's Request for Judicial Notice (ECF 32) in support of Plaintiff's Motion for Summary Judgment ("Motion") (ECF 29).

1.      The Trustee objects to Evanston's Exhibits 1, 2, 3, 4, 5, 6, 7 and 28, apparently on the grounds that such pleadings and orders are offered for the truth of the matters asserted – although the grounds are not clearly stated.[1]  With respect to the following, Evanston is not requesting that this Court take judicial notice of the cited Exhibits for the purpose of establishing the facts asserted therein:

- **Exhibit 1**, Caldwell and Partners, Inc. ("*CPI*") State Claim Original Petition filed on November 6, 2017 (*Caldwell and Partners, Inc. v. Vantage Benefits Administrators, Inc. et al.*, 116th Judicial District, Dallas County, Cause No. DC-17-16265)

- **Exhibit 2**, *CPI* State Claim First Amended Petition filed on December 21, 2017 (*Caldwell and Partners, Inc. v. Vantage Benefits Administrators, Inc. et al.*, 116th Judicial District, Dallas County, Cause No. DC-17-16265)

- **Exhibit 3**, *CPI* Federal Claim filed on December 20, 2017 (*Caldwell and Partners, Inc. v. Vantage Benefits Administrators, et al.*, United States District Court for the Northern District of Texas, Dallas Division, Case No. 3:17-cv-3459)

- **Exhibit 4**, *MBA Engineering, Inc.* Claim filed on December 5, 2017 (*MBA Engineering, Inc. v. Vantage Benefits Administrators, Inc. et al.,* United States District Court for the Northern District of Texas, Dallas Division, Case No. 3:17-cv-03300-L)

---

[1]      Although the Trustee objects to this Court taking judicial notice of Evanston's Exhibit 8 (Default Judgment entered in the *CPI* Federal Claim Case 3:17-cv-03459-N [ECF 17]) and Exhibit 26 (Involuntary Petition Against a Non-Individual filed on April 19, 2018 in the United States Bankruptcy Court for the Northern District of Texas, Case No. 18-31351-sgj7), the Trustee inconsistently requests that this Court accept those documents in support of his Opposition (ECF 38) to the Motion.

- **Exhibit 5**, *Knight's Companies, Inc.* Claim filed on February 7, 2018 (*Knight's Companies, Inc. v. Vantage Benefits Administrators, Inc., et al.,* United States District Court for the District of South Carolina, Case No. 2:18-cv-00350-RMG)

- **Exhibit 6,** SEC Civil Action Final Judgment as to Defendant Jeffrey A. Richie (*SEC v. Jeffrey Richie and Fortress Financial Group, Inc.*, United States District Court for the Central District of California, Case No. EDCV 06-63-VAP (JCRx)

- **Exhibit 7**, Order Instituting Administrative Proceedings Pursuant to Section 15(b) of The Securities Exchange Act of 1934 And Section 203(f) of The Investment Advisers Act of 1940, Making Findings, and Imposing Remedial Sanctions, *In the Matter of Jeffrey A. Richie*, ADMINISTRATIVE PROCEEDING File No. 3-12990

- **Exhibit 28**, Indictment filed by the United States of America against Jeffrey A. Richie and Wendy Richie in the United States District Court for the Northern District of Texas, Dallas Division, Case No. 3-18CR-540-L on October 23, 2018,

Instead, Evanston is requesting that this Court take judicial notice of the fact that allegations of fraud and theft were made against Jeffrey Ritchie, president of Vantage. *See United States v. Cohen*, No. 08-3282, 2012 WL 12136034, at *3 (C.D. Ill. Sept. 27, 2012) (noting that while a court may take judicial notice of documents filed in other lawsuits to establish "the indisputable facts that those documents exist, they say what they say, and they have had legal consequences," such documents were not used "as proof of disputed facts in any other sense."); *In re FedEx Ground Package Sys.*, No. 3:05-MD-527 RM (MDL-1700), 2010 WL 1253891, at *10 (N.D. Ind. Mar. 29, 2010) (ordering judicial notice filed in judicial proceedings, including the court's determinations, findings and outcomes of those proceedings and stating that "[c]ourt documents from another case may be used to show that the document was filed, that party took a certain position, and that certain judicial findings, allegations or admissions were made …. Judicial notice generally doesn't extend to the truth of the matters that were asserted in the other judicial proceeding.") (citing *General Elec. Capital v. Lease Resolution*, 128 F.3d 1074, 1081 (7th Cir. 1997)).

2.      Further, the Application Exclusion, Exclusion P., and Exclusion ii of the Amendatory Endorsement of the Vantage Policy at issue contain no requirement of a judicial determination, and, therefore, allegations are sufficient to trigger these exclusions. *See* Exhibit A, ECF 1-1 at pp. 23, 28.

3.      The Trustee also objects to Evanston's Exhibits 1-8, 13, 14, 21, 24 and 28 on hearsay grounds.  However, these Exhibits are not subject to the hearsay objection because Evanston is not offering the cited allegations or findings to prove the truth of the matter asserted.

4.      The Trustee also objects to Evanston's Exhibits 11-14 on the grounds that the prior default judgments do not operate as *res judicata* on the Trustee and they may not be considered for the truth of the matter asserted.  Whether defaults operate as *res judicata* on the Trustee is not a proper ground for objecting to the exhibits, and such objection should be overruled.

5.      The Trustee also objects to Evanston's Exhibit 18, a November 17, 2017 letter from Michael Perlis, counsel for Evanston, to Charles Leggette on behalf of Vantage, which sets forth Evanston's position regarding coverage under the Vantage Policy, as inadmissible hearsay.  In accordance with Fed. Rule Evidence 803(6), the business records exception applies to Exhibit 18. *See* Declaration of Cary Economou, Exhibit 20, paragraph 9 (ECF 31-20).

6.      The Trustee also objects to paragraphs 8-17 in Evanston's Exhibit 19, the Declaration of Allison Powell (ECF 31-19), on the grounds that the application speaks for itself, and paragraph 19 on the grounds that it constitutes speculation, is improper opinion testimony and is not based on personal knowledge.  As Senior Account Specialist with Markel West, Inc., an underwriting manager for Evanston, and someone who is familiar with the underwriting standards and guidelines applied to applications for professional liability insurance policies issued by Evanston, including the Application that was processed for the insurance Policy issued to Vantage, Ms. Powell is competent to submit a declaration concerning the Vantage Application, the information and disclosures Evanston requested, the information and disclosures made by representatives of Vantage, Evanston's determination that false information had been submitted, whether such information was material to Evanston's decision to issue the Policy, and whether

Evanston would have issued the Policy to Vantage if it had been aware of the true and accurate information concealed by Vantage.  Paragraphs 8-17 of Ms. Powell's Declaration are admissible under Fed. Rules of Evidence 401, 701, 801(d)(2), 803(1) and 807.

7.     The Trustee also objects to the Powell Declaration on the basis that he has not had an opportunity to depose or cross-examine Ms. Powell.   This is not a proper evidentiary objection and such objection should be overruled.

8.     The Trustee also objects to Evanston's Exhibit 20, the Declaration of Cary Economou (ECF 31-20), paragraph 8, on the grounds that her Declaration lacks foundation for her averment that "all premiums and/or premium deposits were returned to the Named insured."  As foundation, Ms. Economou states that she has, "personal knowledge of this matter and the facts set forth herein, and if sworn to testify at any proceeding in this matter, I could truthfully and competently testify." *See* Exhibit 20, paragraph 1. Further, Ms. Economou states, "[i]n connection with my representation of Plaintiff, I am familiar with the documents kept by my client in its ordinary course of business and the pleadings and other materials on file in this federal litigation. . . ."  These statements are adequate foundational support for Ms. Economou's averment that that "all premiums and/or premium deposits were returned to the Named insured."

## <u>CONCLUSION</u>

For the reasons set forth above, Evanston respectfully requests that this Court take judicial notice of the Exhibits attached to the Appendix of Exhibits in connection with Evanston's Motion for Summary Judgment.

Dated:  May 6, 2019                                   Respectfully submitted,

By:   /s/ *Cary Joy Economou*

**Michael F. Perlis**
(*Pro Hac Vice*)
mperlis@lockelord.com
**Cary Joy Economou**
State Bar No. 24082201
ceconomou@lockelord.com

2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
T: (214) 740-8000
F: (214) 740-8800

**COUNSEL FOR PLAINTIFF**
**Evanston Insurance Company**

## <u>CERTIFICATE OF SERVICE</u>

I, Cary Joy Economou, an attorney, do hereby certify that on May 6, 2019, I electronically filed the foregoing with the Clerk of the Court using the electronic case filing system, which will send notification of such filings to the parties registered with the Court's CM/ECF system.

 /s/ *Cary Joy Economou*

Cary Joy Economou